UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RALPH W. BOYD                                                                                            PLAINTIFF

VS.                                                               CIVIL ACTION NO. 3:16-cv-374-CWR-FKB

DEPARTMENT OF MEDICAID, ET AL.                                                          DEFENDANTS

REPORT AND RECOMMENDATION

On May 18, 2016, Plaintiff Ralph W. Boyd filed a complaint [1] and a Motion to Proceed In Forma Pauperis [2] requesting that prepayment of the filing fee and costs be waived. Having examined the application and affidavit submitted, the undersigned finds that Plaintiff should be allowed to proceed *in forma pauperis* in this matter. Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis [2] is granted and the Clerk of Court is directed to accept Plaintiff's complaint without prepayment of filing fees. However, the Court may also examine the merits of the claims before allowing process to be issued. Having reviewed and liberally construed Plaintiff's claims *sua sponte*, the undersigned recommends that this case be dismissed without prejudice.

Section 1915 of Title 28, United States Code, which governs proceedings *in forma pauperis*, mandates that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Fifth Circuit has held that under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *James v. McDuffie*, 539 Fed. Appx. 435, 435 (5th Cir. 2013) (citation omitted).[1] To properly

---

[1] Section 1915(e)(2)(B) applies to *pro se* non-prisoner cases, as well as prisoner cases. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the court has permitted Plaintiff to proceed *in forma pauperis* in this action, the complaint is subject to *sua sponte* dismissal under Section 1915. Plaintiff's complaint recites a litany of information regarding Plaintiff's physical health, including Plaintiffs' symptoms, diagnoses made by various medical professionals, and treatments provided by those professionals. Plaintiff further complains about the transportation service that took Plaintiff to his medical appointments.

After reviewing the complaint, the undersigned is unable to determine the legal basis for Plaintiff's claim, the type of relief he is seeking, or even whether the Court has jurisdiction. Because Plaintiff is proceeding *pro se*, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even construing the complaint liberally, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted and the complaint should therefore be dismissed *sua sponte*. Because the Court has not considered the merits of Plaintiff's purported claims and there have been no substantive proceedings on the purported claims before the Court, the dismissal would be without prejudice.

For the reasons stated herein, the undersigned recommends that Plaintiff's complaint be accepted as filed without the prepayment of filing fees, but be dismissed without prejudice

pursuant to 28 U.S.C. § 1915(e)(2)(b) for failing to state a claim upon which relief may be granted.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636.  Plaintiff is further notified that he may amend his complaint within fourteen (14) days.

Respectfully submitted, this the 20th day of June, 2016.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE